IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02198-BNB

DELMART E. J. M. VREELAND, II,

    Plaintiff,

v.

DEA ARAGON,
DARREN VAHLE,
PAUL A. KING,
NILES D. MCGUIRE,
NATHAN LAKE MCGUIRE,
JON RYAN RICHARDSON,
CORRECTIONAL HEALTHCARE MANAGEMENT,
GOVERNOR, JENNIFER M. GRANHOLM,
THE DOUGLAS COUNTY SHERIFFS [sic] OFFICE,
KENNETH LEUBKMAN,
TIMOTHY MOORE,
DAVID REIDMULLER,
MICHIGAN STATE POLICE DEPARTMENT,
MACOMB COUNTY PROSECUTORS [sic] OFFICE,
OAKLAND COUNTY PROSECUTORS [sic] OFFICE, and
OAKLAND COUNTY SHERIFFS [sic] OFFICE,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC - 6 2006

GREGORY C. LANGHAM
               CLERK

---

ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff, Delmart E. J. M. Vreeland, II, is a pretrial detainee who currently is incarcerated at the Douglas County Detention Facility in Castle Rock, Colorado. He has filed *pro se* a ninety-nine page complaint for money damages, injunctive relief, mandamus, prohibition, and other extraordinary relief pursuant to 42 U.S.C. § 1983 (2003), 28 U.S.C. § 1343 (1993), *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993). On

November 6, 2006, he filed supplemental attachments to the complaint. On the same day, he also filed motions to amend and for service. On November 27, 2006, M. Jane Woodbury Mattar paid $395.00 to cover the $350.00 filing fee and a $45.00 bank fee imposed because her original $350.00 check had been returned unpaid by the bank.

The Court must construe the complaint and supplemental attachments liberally because Mr. Vreeland is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Vreeland will be ordered to file an amended complaint and to show cause why the conditions-of-confinement claims should not be dismissed for failure to exhaust available administrative remedies. The motion to amend will be denied as unnecessary. The motion for service will be denied as premature.

The Court has reviewed the complaint and supplemental attachments, and has determined that the complaint, as supplemented, suffers from a variety of maladies, the most obvious of which is the fact that the complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062,

1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

In his ninety-nine page complaint, Mr. Vreeland asserts seven claims for relief that range from claims concerning his medical treatment to claims concerning his access to the courts. However, the complaint is unnecessarily verbose and confusing. The complaint does not include a short and plain statement of Mr. Vreeland's claims showing that he is entitled to relief in this action. **See** Fed. R. Civ. P. 8(a)(2). The complaint fails to assert which claim is asserted pursuant to which statute. Mr. Vreeland complains about acts and events that occurred in states other than Colorado over which this Court appears to lack jurisdiction. As part of the relief he seeks, Mr. Vreeland appears to ask the Court to intervene in his pending Colorado state court criminal proceedings. To the extent Mr. Vreeland is asking this Court to intervene in the pending state court criminal proceedings, the Court may not do so. Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. **See *Younger v. Harris*** , 401 U.S. 37, 45

(1971); *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995). Mr. Vreeland also fails to explain the supplemental attachments to the complaint.

Rather than summarizing each claim succinctly, Mr. Vreeland apparently expects the Court to speculate who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Vreeland's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. Vreeland must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

Mr. Vreeland must assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Michigan Governor Jennifer M. Granholm, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint, as supplemented, does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Vreeland should be given an opportunity to file an amended complaint. He will be directed to do so below.

In addition, it is not clear whether Mr. Vreeland has exhausted his conditions-of-confinement claims, such as those concerning his medical treatment, through the detention facility's grievance system. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2006), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Vreeland apparently was confined at the Douglas County Detention Facility when his conditions-of-confinement claims arose. Therefore, he must exhaust the available administrative remedies as to those claims. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Vreeland must "either attach copies of

administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). If Mr. Vreeland has failed to exhaust administrative remedies for any one of his conditions-of-confinement claims, all such claims must be dismissed. Mr. Vreeland's statement that "I have written over 200 grievances," *see* complaint at 89, fails to satisfy the requirement that either he attach copies of administrative proceedings or describe their disposition with specificity. Therefore, Mr. Vreeland will be ordered to show cause why the conditions-of-confinement claims should not be dismissed for failure to exhaust the detention facility's administrative grievance procedure.

Finally, Mr. Vreeland is advised that he must provide the addresses for each named defendant and sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Vreeland should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Vreeland file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives in this order and that shows cause why the conditions-of-confinement claims should not be dismissed for failure to exhaust the available administrative remedy procedure. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District

6

Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Vreeland, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Vreeland provide the addresses for each named defendant and submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Vreeland fails to comply with this order to the Court's satisfaction within the time allowed, the complaint, as supplemented, and the action will be dismissed without further notice. It is

FURTHER ORDERED that the motion to amend filed on November 6, 2006, is denied as unnecessary. It is

FURTHER ORDERED that the motion for service filed on November 6, 2006, is denied as premature.

DATED December 6, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02198-BNB

Delmart E.J.M. Vreeland, II
Prisoner No. 05-A-0433
4000 Justice Way
Castle Rock, CO 80109

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 12/6/06

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk