IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02198-BNB

DELMART E. J. M. VREELAND, II,

    Plaintiff,

v.

DEA ARAGON,
DARREN VAHLE,
PAUL A. KING,
NILES D. MCGUIRE,
NATHAN LAKE MCGUIRE,
JON RYAN RICHARDSON,
CORRECTIONAL HEALTHCARE MANAGEMENT,
GOVERNOR, JENNIFER M. GRANHOLM,
THE DOUGLAS COUNTY SHERIFFS [sic] OFFICE,
KENNETH LEUBKMAN,
TIMOTHY MOORE,
DAVID REIDMULLER,
MICHIGAN STATE POLICE DEPARTMENT,
MACOMB COUNTY PROSECUTORS [sic] OFFICE,
OAKLAND COUNTY PROSECUTORS [sic] OFFICE, and
OAKLAND COUNTY SHERIFFS [sic] OFFICE,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 13 2006

GREGORY C. LANGHAM
CLERK

ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER
AND FOR PRELIMINARY INJUNCTION

Plaintiff Delmart E. J. M. Vreeland, II, is a pretrial detainee who currently is incarcerated at the Douglas County Detention Facility in Castle Rock, Colorado. He has filed **pro se** a ninety-nine-page complaint for money damages, injunctive relief, mandamus, prohibition, and other extraordinary relief pursuant to 42 U.S.C. § 1983 (2003), 28 U.S.C. § 1343 (1993), **Bivens v. Six Unknown Named Agents of Fed.**

*Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993). On November 6, 2006, he filed supplemental attachments to the complaint. He also has filed two documents on November 6 and 20, 2006, asking for summary judgment, temporary injunctive orders, other extraordinary relief, a temporary restraining order, and an immediate hearing. On November 27, 2006, M. Jane Woodbury Mattar paid $395.00 to cover the $350.00 filing fee and a $45.00 bank fee imposed because her original $350.00 check had been returned unpaid by the bank.

The Court must construe the November 6 and 20, 2006, documents liberally because Mr. Vreeland is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Therefore, the Court will construe the November 6 and 20 documents as motions for a temporary restraining order and a preliminary injunction. For the reasons stated below, the liberally construed motions for a temporary restraining order and a preliminary injunction will be denied.

In the November 6, 2006, motion, Mr. Vreeland asks the Court to order two of the named Defendants to provide him with medical care for a condition from which he has suffered for two years. He also alleges that Defendants are retaliating against him for filing the instant complaint. He specifically alleges that he is faced with complete denial of legal materials and court access, and faces threats of losing legal materials now in his cell. He also asks the Court to stay his state court criminal proceedings. In the November 20, 2006, motion, Mr. Vreeland again alleges that he has been subjected

2

to retaliation but fails to explain how.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Mr. Vreeland fails to allege facts that demonstrate he is facing immediate and irreparable injury. Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b). Therefore, the liberally construed motions for a temporary restraining order and a preliminary injunction will be denied. Accordingly, it is

ORDERED that the two documents submitted by Plaintiff Delmart E. J. M. Vreeland, II, on November 6 and 20, 2006, asking for a temporary restraining order and preliminary injunction, and which the Court has construed liberally as motions for a temporary restraining order and a preliminary injunction, are denied.

DATED at Denver, Colorado, this 12 day of Dec., 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02198-BNB

Delmart E.J.M. Vreeland, II
No. 05-a-0433
4000 Justice Way
Castle Rock, CO 80109

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12/13/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk