IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02198-ZLW

DELMART E. J. M. VREELAND, II,

    Plaintiff,

v.

DEA ARAGON,
DARREN VAHLE,
PAUL A. KING,
NILES D. MCGUIRE,
NATHAN LAKE MCGUIRE,
JON RYAN RICHARDSON,
CORRECTIONAL HEALTHCARE MANAGEMENT,
GOVERNOR, JENNIFER M. GRANHOLM,
THE DOUGLAS COUNTY SHERIFFS [sic] OFFICE,
KENNETH LEUBKMAN,
TIMOTHY MOORE,
DAVID REIDMULLER,
MICHIGAN STATE POLICE DEPARTMENT,
MACOMB COUNTY PROSECUTORS [sic] OFFICE,
OAKLAND COUNTY PROSECUTORS [sic] OFFICE, and
OAKLAND COUNTY SHERIFFS [sic] OFFICE,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLO

JUL 22 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Delmart E. J. M. Vreeland, II, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Buena Vista, Colorado, correctional facility. He was a pretrial detainee incarcerated at the Douglas County Detention Facility in Castle Rock, Colorado, when he filed *pro se* a ninety-nine-page complaint asserting claims concerning his medical treatment and access to the courts, and appeared to ask the Court to intervene in his pending Colorado state-court criminal

proceedings. He also asked for money damages, injunctive relief, mandamus, prohibition, and other extraordinary relief pursuant to 42 U.S.C. § 1983 (2003), 28 U.S.C. § 1343 (1993), *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993). On November 6, 2006, he filed supplemental attachments to the complaint. On the same date, he also filed motions to amend and for service. On November 27, 2006, M. Jane Woodbury Mattar paid $395.00 to cover the $350.00 filing fee and a $45.00 bank fee imposed because her original $350.00 check had been returned unpaid by the bank.

On December 6, 2006, Magistrate Judge Boyd N. Boland ordered Mr. Vreeland to file an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and that asserted each Defendant's personal participation in the alleged constitutional violations. Magistrate Judge Boland pointed out to Mr. Vreeland that, to the extent he was asking this Court to intervene in the pending state court criminal proceedings, the Court may not do so. Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971); *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995). Magistrate Judge Boland also denied the motion to amend as unnecessary, and denied the motion for service as premature. The December 6 order warned Mr. Vreeland that failure to submit an amended complaint as directed would result in the dismissal of the complaint and the instant action.

Magistrate Judge Boland then entered three minute orders granting Mr. Vreeland extensions of time in which to comply with the December 6, 2006, order for an amended complaint. In each minute order, Mr. Vreeland was warned that failure to comply with the December 6 order within the time allowed would result in the dismissal of the complaint and the instant action. In a January 4, 2007, minute order, Magistrate Judge Boland granted Mr. Vreeland's request for a twenty-day extension of time. In a January 26, 2007, minute order, Magistrate Judge Boland granted Mr. Vreeland a thirty-day extension of time. In a February 26, 2007, minute order, Magistrate Judge Boland granted Mr. Vreeland another thirty-day extension of time, informed him that, to the extent the December 6 order directed him to show cause regarding exhaustion of his claims, that portion of the order was vacated, and told him that this would be the final extension of time he would be granted in this action.

Mr. Vreeland should have submitted the amended complaint at least by April 2, 2007, which would have included the thirty-day extension of time he was allowed on February 26, 2007, and five days for mailing. Instead, nine days later, on April 11, 2007, Mr. Vreeland submitted a document titled "Reply to Court Order to Show Cause and to Amend Prisoner Complaint With Advisement to the Court of Petitioner's Current Status and Request for Direction on How to Proceed at This Time Do [sic] to Matters Stated Herein." In the document, Mr. Vreeland informed the Court about his state-court criminal proceedings, discussed his medical condition, and asked the Court for legal advice concerning his state criminal case and for the appointment of counsel to represent him.

In an order filed on April 20, 2007, the Court dismissed the complaint and the action without prejudice for Mr. Vreeland's failure to comply with the December 6, 2006, order for an amended complaint. In the April 20 dismissal order, Mr. Vreeland also was informed that the Court may not give him legal advice. The April 20 order denied as premature his request for the appointment of counsel to represent him.

On April 26, 2007, Mr. Vreeland filed a motion titled "Motion for Reconsideration of the Courts [sic] Order of Dismissal of This Action and Request for Other Further Relief." In the April 26 motion, Mr. Vreeland explained that he was trying to inform the Court in the April 11, 2007, document that he was unable to meet the Court's new deadline for submission of his complaint. In an order filed on May 11, 2007, the Court liberally construed the motion as a motion to reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and informed Mr. Vreeland that he failed to understand that there was no reason to paper the Court with a twenty-page document and numerous attachments simply to ask for an extension of time, and that all he achieved by submitting such a prolix document was to attempt to camouflage what he alleged was the intent of the document, i.e., to request yet another extension of time. However, Magistrate Judge Boland already put Mr. Vreeland on notice in the February 26, 2007, minute order that no further extensions of time would be granted. In the May 11 order, the Court also denied the liberally construed Fed. R. Civ. P. 59(e) motion.

Over two years later, on June 15, 2009, Mr. Vreeland filed a motion titled "Motion to Alter Judgement [sic] Pursuant to Rule 60(b) and Request to Re-open This Civil Action." The Court must construe the motion liberally because Mr. Vreeland is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). **See id.** at 1243. Mr. Vreeland's motion to reconsider, which was filed more than ten days after the judgment was entered in this action, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. **See Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Vreeland fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the liberally construed motion to reconsider will be denied. The Court will not reopen the instant action. Accordingly, it is

ORDERED that the motion titled "Motion to Alter Judgement [sic] Pursuant to Rule 60(b) and Request to Re-open This Civil Action" that Plaintiff, Delmart E. J. M. Vreeland, II, filed *pro se* on June 15, 2009, and which the Court has treated as a

motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 60(b), is denied.

DATED at Denver, Colorado, this 22 day of July, 2009.

BY THE COURT:

*Zita Weinshienk*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02198-ZLW

Delmart E.J.M. Vreeland, II
Prisoner No. 143539
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/22/09

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk